IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 4:00-67-CMC |
| | ) | |
| -versus- | ) | |
| | ) | **OPINION and ORDER** |
| | ) | |
| Ronald Eustache, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (b)(5). ECF No. 362. Defendant contends that he is entitled to relief based upon the Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013).

### RULE 60(B)(4)

To the extent Defendant seeks relief under the Rules of Civil Procedure and such motions are properly considered by this court,[1] a judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). A judgment is not void "simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

_____
[1] Generally, Rules of Civil Procedure are not applicable in criminal cases.

Defendant fails to show jurisdictional error, let alone egregious jurisdictional error, which would entitle him to relief in the current case. Accordingly, Defendant's motion for relief from judgment under Rule 60(b)(4) is **denied**.

**RULE 60(B)(5)**

Federal Rule of Civil Procedure 60(b)(5) provides that a party may file a motion for relief from a final judgment if: (1) the judgment has been satisfied, released or discharged; (2) a prior judgment upon which it is based has been reversed or vacated; or (3) it is no longer equitable that the judgment should have prospective application. *See* Fed. R. Civ. P. 60(b)(5).

Defendant's judgment has not been satisfied, released, or discharged. Nor has Defendant argued such. Therefore, the first section of Rule 60(b)(5) does not apply to Defendant's case. Likewise, the final section of Rule 60(b)(5) does not apply to Defendant's case. A court can modify a judgment if its prospective application is no longer equitable. However, the judgment at bar is the denial of habeas relief, and that judgment is not prospective within the meaning of Rule 60(b)(5). *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 630 (7th Cir. 1997) ("judgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions' " . . . "that a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)"). Here the final judgment was the denial of habeas relief. This judgment is not executory nor does it involve the supervision of changing conduct or conditions. Defendant's Rule 60(b)(5) motion is **denied** in this respect.

**28 U.S.C. § 2255**

Defendant's motion challenges his conviction based upon the Supreme Court's recent decision in *Alleyne*. Defendant contends that *Alleyne* establishes a new rule of constitutional law which effectively "vacates" his judgment.

Defendant's motion is, in reality, a second or successive motion for relief under 28 U.S.C. § 2255.[2] Regardless of the one-year time period contained in § 2255(f)(3),[3] Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a

---

[2] Defendant filed a motion for relief under § 2255 in this court on December 27, 2002. *See Eustache v. United States*, D.S.C. Civil Action No. 4:02-4279-CMC. The Government was granted summary judgment on May 15, 2003.

[3] "A 1-year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from the latest of– . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3).

second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. Therefore, construed as a motion for relief under § 2255, this motion is **dismissed** as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 18, 2013

4